UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
DEBORAH L. BOARDMAN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
Fax: (410) 962-2577
MDD_DLBChambers@mdd.uscourts.gov

January 19, 2021

LETTER TO COUNSEL

    RE:    *Terri S. v. Saul*
                Civil No. DLB-19-3607

Dear Counsel:

        On December 20, 2019, plaintiff petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny her claim for Supplemental Security Income. ECF 1. I have considered the parties' cross-motions for summary judgment and plaintiff's response. ECF 14 ("Pl.'s Mot."); ECF 15 ("Def.'s Mot."); ECF 16 ("Pl.'s Resp."). I find no hearing necessary. *See* Loc. R. 105.6 (D. Md. 2018). This Court must uphold the denial if the SSA employed correct legal standards in making findings supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny plaintiff's motion, grant the Commissioner's motion, and affirm the Commissioner's judgment pursuant to sentence four of 42 U.S.C. § 405(g). *See* 42 U.S.C. § 1383(c)(3). This letter explains my rationale.

        Plaintiff filed her claim for benefits on August 17, 2015, alleging an onset date of February 7, 2014. Administrative Transcript ("Tr.") 221-26. The SSA denied her claim initially and on reconsideration. Tr. 87, 107. An Administrative Law Judge ("ALJ") held a hearing on July 30, 2018. Tr. 37-53. Following the hearing, the ALJ determined plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 7-27. Because the Appeals Council denied plaintiff's request for review, the ALJ's decision constitutes the final, reviewable decision of the SSA. Tr. 1-6; *see Sims v. Apfel*, 530 U.S. 103, 106-07 (2000); 20 C.F.R. § 422.210(a).

        The ALJ found plaintiff severely impaired by "neck and back impairment with mild cervical degenerative disc disease; asthma; migrain[e] headaches; anxiety; depressive disorder; post-traumatic stress disorder (PTSD); bipolar disorder; agoraphobia with panic attacks; and panic disorder." Tr. 13. Despite these impairments, the ALJ determined plaintiff retained the residual functional capacity ("RFC") to:

*Terri S. v. Saul*
Civil No. DLB-19-3607
January 19, 2021
Page 2

> perform light work as defined in 20 CFR 416.967(b)…except the claimant cannot climb ladders, ropes, or scaffolds; can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; must avoid any more than occasional exposure to cold and heat extremes, respiratory irritants (such as fumes, odors, gases, and poorly ventilated areas), and workplace hazards (including unprotected heights and hazardous machinery); is limited to simple, routine tasks, in entry level unskilled work, with routine customary breaks after about 2-hour periods of work, in a low stress job (defined as involving only occasional independent decision making and occasional changes in the work setting); is capable of no interaction with the public and only occasional interaction with co-workers and supervisors; and can only occasionally perform tandem tasks.

Tr. 15. After considering the testimony of a vocational expert ("VE"), the ALJ determined plaintiff did not have any past relevant work but could perform other jobs existing in significant numbers in the national economy. Tr. 21. Therefore, the ALJ concluded plaintiff was not disabled. Tr. 22.

On appeal, plaintiff makes only one argument. Plaintiff argues the ALJ's decision fails to comply with the requirements of *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015). Because the ALJ's RFC determination is supported by substantial evidence, I affirm the SSA's decision.

The Fourth Circuit in *Mascio* remanded for, as pertinent to this case, the inadequacy of the ALJ's RFC assessment with respect to the plaintiff's "moderate difficulties" in concentration, persistence, or pace ("CPP"). 780 F.3d at 638. CPP is one of four broad, functional areas an ALJ must consider when evaluating a claimant's mental impairments.[1] 20 C.F.R. Pt. 404, Subpt. P, App'x 1, § 12.00(A)(2)(b); *see* 20 C.F.R. § 416.920a (explaining the "special technique" for evaluating the severity of a claimant's mental impairments). The ALJ assesses the extent to which the claimant's impairment "interferes with [her] ability to function independently, appropriately, effectively, and on a sustained basis." 20 C.F.R. § 416.920a(c)(2). The ALJ then rates a claimant's degree of limitation in the four areas using a five-point scale: none, mild, moderate, marked, or extreme. *Id*. § 416.920a(c)(4). A moderate limitation signifies the claimant has "fair" abilities in the relevant functional area. 20 C.F.R. Pt. 404, Subpt. P, App'x 1 § 12.00(F)(2)(c).

In *Mascio*, the ALJ found the plaintiff moderately limited in CPP but confined the plaintiff's nonexertional RFC only to "unskilled work." 780 F.3d at 637-38. The Fourth Circuit remanded, holding an ALJ does not summarily account for a moderate CPP limitation by restricting a claimant to "simple, routine tasks or unskilled work…[because] the ability to perform simple tasks differs from the ability to stay on task." *Id*. at 638; *see Shinaberry v. Saul*, 952 F.3d 113, 121 (4th Cir. 2020). The Fourth Circuit subsequently emphasized *Mascio* "did not impose a categorical rule that requires an ALJ to always include moderate [CPP] limitations…as a specific limitation in the RFC." *Shinaberry*, 952 F.3d at 121 (finding the ALJ adequately explained how

---

[1] Three other functional areas also require assessment: (1) the ability to understand, remember, or apply information; (2) the ability to interact with others; and (3) the ability to adapt or manage oneself. 20 C.F.R. Pt. 404, Subpt. P, App'x 1, § 12.00(A)(2)(b) (the "paragraph B" criteria).

*Terri S. v. Saul*
Civil No. DLB-19-3607
January 19, 2021
Page 3

an RFC limited to simple, routine, and repetitive tasks accounted for the plaintiff's moderate CPP limitation because the ALJ referenced psychological evaluations and the plaintiff's adult function report, all of which supported his conclusion). Rather, an ALJ need only explain how substantial evidence supports his conclusion as to the plaintiff's CPP abilities in a work setting. *See, e.g.*, *Sizemore v. Berryhill*, 878 F.3d 72, 79-81 (4th Cir. 2017) (holding two medical opinions substantially supported the ALJ's determination that the plaintiff could work in a low stress setting, defined as non-production jobs without any fast-paced work, despite his moderate CPP limitation); *see* SSR 96-8p, 1996 WL 374184, at *2 (July 2, 1996); *Thomas v. Berryhill*, 916 F.3d 207, 311 (4th Cir. 2019) ("Thus, a proper RFC analysis has three components: (1) evidence, (2) logical explanation, and (3) conclusion.").

      Here, the ALJ applied the special technique and found plaintiff moderately limited in CPP. Tr. 14. Plaintiff argues, in light of this CPP finding, that the ALJ's decision runs afoul of the Fourth Circuit's holding in *Mascio*. Pl.'s Mot. at 11. Plaintiff argues that *Mascio* requires either a corresponding limitation in the RFC determination or an explanation as to how plaintiff can maintain CPP despite her moderate CPP limitation because the ALJ limited plaintiff's nonexertional RFC to, as relevant here, "simple, routine tasks, in entry level unskilled work." Pl.'s Mot. at 11; Tr. 15.

      The Commissioner disagrees. The Commissioner argues that *Sizemore* controls in this case because here, as in *Sizemore*, "[t]he ALJ adopted a state agency psychological consultant's opinion translating [p]laintiff's moderate limits into an RFC finding and then formulated the decision's RFC to track that opinion." Def.'s Mot. at 4. The Commissioner notes that Dr. Tendler, who reviewed plaintiff's claim at the initial and reconsideration levels, found that plaintiff:

> can concentrate and maintain persistence on simple tasks. [She] can complete tasks consisting of 1-2-3 step instructions. [She] would be able to maintain extended periods of concentration and attention greater than 2-hour segments. [She] is able to maintain attendance and complete a normal workweek and maintain pace *with occasional absences*.

Def.'s Mot. at 5 (citing Tr. 102) (emphasis added). The Commissioner further argues the ALJ's CPP RFC "tracks Dr. Tendler's assessment," which provides evidence "sufficient to support the administrative decision limiting the claimant to that range of work." *Id.* (citing *Sizemore*, 952 F.3d at 121). The ALJ gave "great weight" to Dr. Tendler's opinion. Tr. 20.

      In her response, plaintiff challenges the Commissioner's account of the ALJ's adoption of Dr. Tendler's opinion, correctly noting that the ALJ failed to include any accommodation for "occasional absences" in his RFC determination. Pl.'s Resp. at 3-6. Plaintiff argues the omission means "the ALJ's RFC determination does not track the opinion…which the ALJ 'adopted,'" as the Commissioner argues. Pl.'s Resp. at 6. Plaintiff further argues the omission is material because the ALJ asked the VE at the hearing about employers' tolerance for absenteeism. *Id.* at 4 (citing Tr. 50). The VE replied, "A day. A day a month is considered within tolerances." Tr. 50. Essentially, plaintiff argues that the ALJ's RFC determination is inadequate because the opinion the ALJ most utilized to form the RFC determination, and to which the ALJ gave great weight,

*Terri S. v. Saul*
Civil No. DLB-19-3607
January 19, 2021
Page 4

included this additional, material absenteeism limitation.  Pl.'s Resp. at 3-6.  Thus, according to plaintiff, a similar limitation should appear in the RFC determination.  *Id.*

I agree with the Commissioner that the RFC determination is supported by substantial evidence and that the ALJ sufficiently explained how plaintiff can maintain CPP despite her limitations in that area.

As a threshold matter, I find that the Fourth Circuit's reasoning in *Sizemore* did not depend upon whether the ALJ "adopted" a particular medical source opinion in whole or in part, which the parties debate somewhat here.  *See* Def.'s Mot at 4; Pl.'s Resp. at 6.  In *Sizemore*, the Fourth Circuit rejected the plaintiff's argument that the ALJ failed to account for his moderate CPP limitation with an RFC determination limited to, as relevant here, work "only in [a] low stress [setting] defined as [a] non-production job…[without any] fast-paced work [and] with no public contact."  878 F.3d at 79.  The Court pointed to two medical source opinions, each of which contained opinion evidence that Sizemore could maintain CPP under certain limited working conditions, some of which the ALJ then incorporated into the RFC determination.  *Id.* at 80-81.  The Court wrote, "The opinions of these two doctors thus provided substantial support for the ALJ's finding that, despite Sizemore's overall moderate difficulties with concentration, persistence, or pace, he would nonetheless be able to *stay on task* while performing 'simple one, two-step tasks,' as long as he was 'working in low stress non-production jobs with no public contact.'"  *Id.* at 81 (internal citation omitted) (emphasis in original).  Thus, in *Sizemore*, the Fourth Circuit was not concerned with whether the ALJ "adopted" the opinions but instead with whether substantial evidence supported the ALJ's RFC determination.  In fact, the Fourth Circuit expressly rejected a similar argument raised by the plaintiff in *Sizemore*:

> [Plaintiff] argues further that the ALJ 'provided no accommodation for many of the limitations opined by Dr. King,' the State agency psychologist who reviewed Sizemore's records at the reconsideration level, 'despite the adoption of her opinion.'…We…reject Sizemore's argument that remand is required under *Mascio* or because the ALJ failed to accommodate many of the limitations identified by Dr. King.

*Id.* at 80-81.

The Social Security regulations governing the RFC formulation also support the conclusion that a properly determined RFC may not necessarily track any one piece of evidence.  An "RFC is an administrative assessment of the extent to which an individual's medically determinable impairment(s), including any related symptoms, such as pain, may cause physical or mental limitations or restrictions that may affect…her capacity to work."  SSR 96-8p at *2.  In formulating a claimant's RFC, the ALJ must consider all the evidence in the record.  42 U.S.C. §§ 423(d)(5)(B), 1382c(a)(3)(H)(i); 20 C.F.R. § 416.920(a)(3); *see* 20 C.F.R. § 416.920b.  Thus, an ALJ may formulate the RFC determination based on a combination of evidence, which means the RFC does not necessarily track one evidentiary source.

*Terri S. v. Saul*
Civil No. DLB-19-3607
January 19, 2021
Page 5

I now turn to the record evidence and focus on Dr. Tendler's opinion. Dr. Tendler stated plaintiff "is able to maintain attendance and complete a normal workweek and maintain pace with occasional absences." Tr. 102. Later in the same report, Dr. Tendler concluded that plaintiff "can maintain an acceptable level of attendance." Tr. 103. Plaintiff does not explain how Dr. Tendler's subsequent statement that she "can maintain an acceptable level of attendance" affects his opinion as to her CPP abilities. Tr. 103; *see* Pl.'s Mot.; Pl.'s Resp. His two statements are not inconsistent with each other or with the VE's testimony. "Occasional" could mean once per month or more than once per month. According to the VE, one absence per month would be within employer tolerances. Tr. 50. Thus, for Dr. Tendler's observation that plaintiff will exhibit "occasional" absences to conflict with the VE's testimony, occasional must necessarily mean more than once per month. *See* Tr. 50. But Dr. Tendler's subsequent statement that plaintiff's absences would be at "an acceptable level" suggests "occasional" falls below the threshold of concern. At a minimum, Dr. Tendler's statements provide substantial evidence for the ALJ's finding that no further RFC limitations were necessary.

The ALJ's discussion of Dr. Tendler's opinion with respect to plaintiff's work capabilities and her mental limitations makes clear the ALJ relied on substantial evidence in finding that plaintiff's moderate CPP limitation did not require other RFC limitations. *See Sizemore*, 878 F.3d at 81. The ALJ noted that Dr. Tendler opined plaintiff is "capable of performing a range of unskilled, low stress work, with some occasional social interaction limitations." Tr. 20. Further, the ALJ explained that he gave Dr. Tendler's opinion great weight because the "opinion is balanced, objective, and consistent with the evidence of record as a whole[,]…clearly reflects a thorough review of the record[,] and is supportable." Tr. 20.

Ultimately, the law confines my review to whether the ALJ employed correct legal standards in making factual findings supported by substantial evidence. *Craig*, 76 F.3d at 589. Inherently limited in scope, substantial evidence review asks only whether the record contains "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971). The inquiry is therefore not whether I agree with the ALJ's conclusions but whether "more than a mere scintilla" of evidence supports them. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). On the record before me, I find the ALJ applied correct legal standards and made findings supported by substantial evidence.

For the reasons set forth herein, plaintiff's motion for summary judgment, ECF 14, is denied, and defendant's motion for summary judgment, ECF 15, is granted. The SSA's judgment is affirmed pursuant to sentence four of 42 U.S.C. § 405(g).

*Terri S. v. Saul*
Civil No. DLB-19-3607
January 19, 2021
Page 6

     Despite the informal nature of this letter, it should be flagged as an opinion. A separate order follows.

                                        Sincerely yours,

                                        /s/

                                        Deborah L. Boardman
                                        United States Magistrate Judge

Case 1:19-cv-03607-DLB   Document 17   Filed 01/19/21   Page 6 of 6