UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
DEBORAH L. BOARDMAN
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
Fax: (410) 962-2577
MDD_DLBChambers@mdd.uscourts.gov

November 18, 2021

LETTER TO COUNSEL

    RE:   *Terri S. v. Kijakazi*
           DLB-19-3607

Dear Counsel:

    Presently pending is plaintiff Terri S.'s Motion to Reconsider the Court's January 19, 2021 order granting summary judgment in favor of the Social Security Administration ("SSA"). ECF 19; *see* ECF 18. Plaintiff asks the Court to reconsider its decision to affirm the final judgment of the SSA. ECF 19; *see* ECF 17. I have reviewed plaintiff's motion, ECF 19, and the SSA's response, ECF 20. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the reasons set forth below, plaintiff's motion is denied.

    On December 20, 2019, plaintiff petitioned this court for review of the SSA's final decision to deny her claim for Supplemental Security Income. ECF 1. Plaintiff argued the SSA's decision failed to comply with the requirements of *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015). ECF 14. The Court found the ALJ's decision was supported by substantial evidence and the ALJ adequately explained the reasoning with respect to plaintiff's moderate limitation in concentration, persistence, or pace ("CPP"). ECF 17; *Terri S. v. Saul*, No. DLB-19-3607, 2021 WL 168456 (D. Md. Jan. 19, 2021). Accordingly, the Court denied plaintiff's motion for summary judgment, granted the Commissioner's motion for summary judgment, and affirmed the Commissioner's decision pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3). ECF 18. Thereafter, plaintiff filed her motion to reconsider. ECF 19.

    Plaintiff has filed her motion to reconsider pursuant to Local Rule 105.10. ECF 19, at 1. The pending motion, filed within twenty-eight days of the Court's order granting the Commissioner's summary judgment motion, is construed as a Rule 59(e) motion to alter or amend a judgment. *See* Fed. R. Civ. P. 59(e); *MLC Auto., LLC v. Town of So. Pines*, 532 F.3d 269, 277–80 (4th Cir. 2008); *Knott v. Wedgwood*, No. DKC-13-2486, 2014 WL 4660811, at *2 (D. Md. Sept. 11, 2014) (stating that a motion to alter or amend judgment that "call[s] into question the correctness of that order" and is filed within twenty-eight days of the judgment is analyzed under Rule 59(e)). "Rule 59(e) motions can be successful in only three situations: (1) to accommodate

*Terri S. v. Kijakazi*
DLB-19-3607
November 18, 2021
Page 2

an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *United States ex rel. Carter v. Halliburton Co.*, 866 F.3d 199, 210 (4th Cir. 2017) (quoting *Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007) (internal quotation marks omitted)).

For purposes of this motion for reconsideration, the Court will not reiterate the law and facts cited in its January 19, 2021 decision affirming the denial of benefits. *See* 2021 WL 168456, at *1–4. Rather, the Court incorporates them by reference and briefly summarizes the ruling. The Court affirmed the Commissioner's decision to deny benefits because the decision complied with the *Mascio* requirement that an ALJ explain how substantial evidence supports his conclusion as to the plaintiff's concentration, persistence, and pace ("CPP") abilities in a work setting. Specifically, the Court affirmed the Commissioner's decision because "[t]he ALJ's discussion of Dr. Tendler's opinion with respect to plaintiff's work capabilities and her mental limitations ma[d]e clear the ALJ relied on substantial evidence in finding that plaintiff's moderate CPP limitation did not require other limitations." 2021 WL 168456, at *4 (citing *Sizemore*, 878 F.3d at 81).

Plaintiff argues the Court legally erred in finding the ALJ's decision comported with *Mascio*'s requirements because Dr. Tendler's opinion about plaintiff's residual functional capacity ("RFC") contained comments about plaintiff's absenteeism but the ALJ did not include an accommodation for her absenteeism. ECF 19, at 2–3. Plaintiff also argues Dr. Tendler's opinion contained a vocational conclusion as to his view that plaintiff could maintain an "acceptable level of attendance." *Id.* at 6–7.

I find no legal error. Plaintiff misapprehends the force of *Mascio*. *Mascio* does not require that an ALJ credit all evidence of a potential CPP limitation. The narrow, technical error in *Mascio* was the ALJ summarily accounting for a moderate CPP limitation with simple, routine tasks or unskilled work. 780 F.3d at 638. Subsequent Fourth Circuit decisions confirm that an ALJ may account for a moderate CPP limitation with an RFC determination that a claimant can complete simple, routine tasks provided the conclusion is supported by substantial evidence. *See, e.g.*, *Sizemore*, 878 F.3d at 80–81; *Shinaberry*, 952 F.3d at 121–22. To the extent plaintiff argues Dr. Tendler's opinion cannot constitute substantial evidence for a plaintiff's CPP-related capabilities because the ALJ did not accommodate every limitation contained in the opinion, that argument was rejected by the Fourth Circuit in *Sizemore*. 952 F.3d at 121–22.

This Court has also recently considered and rejected plaintiff's argument that an ALJ necessarily violates the rule set forth in *Mascio* by failing to include in the RFC determination all limitations referenced in an opinion to which an ALJ affords substantial weight. *See Kenneth L. v. Kijakazi*, No. SAG-20-624, 2021 WL 4198408, at *3 (D. Md. Sept. 15, 2021); *see also Angela E. v. Kijakazi*, No. DLB-20-1888, 2021 WL 4290285, at *3–4 (D. Md. Sept. 20, 2021). The holdings in these cases are consistent with the special technique for evaluating the severity of a claimant's mental impairments. *See* 20 C.F.R. Pt. 404, Subpt. P, App'x 1 § 12.00(F)(3)(f)(ii) ("We will document the rating of limitation of the whole area of mental functioning, not each individual part. We will not add ratings of the parts together. For example, with respect to paragraph B3, if you have marked limitation in maintaining pace, and mild or moderate limitations in concentrating

*Terri S. v. Kijakazi*
DLB-19-3607
November 18, 2021
Page 3

and persisting, we will find that you have marked limitation in the whole paragraph B3 area of functioning."). Under the special technique, a claimant with a moderate limitation in CPP does not necessarily mean the claimant has a moderate limitation with respect to absenteeism. The inquiry is fact specific. In this case, the ALJ found plaintiff's CPP limitation was related to her ability to complete tasks, not her absenteeism:

> With regard to the claimant's ability to concentrate, persist, or maintain pace, the area refers to the claimant's ability to sustain focused attention and concentration sufficiently long enough to permit the timely and appropriate completion of tasks commonly found in work settings, the claimant has moderate difficulties.

Tr. 14. Where, as here, the ALJ's basis for finding a moderate CPP limitation did not include absenteeism and there was substantial evidence for not including it, the ALJ was not required to identify an RFC limitation for absenteeism. The Court finds no asymmetry between the ALJ's finding of a moderate limitation and the RFC determination. The ALJ cited substantial evidence supporting his conclusion that plaintiff could maintain CPP when confined to simple, routine tasks. Thus, no error under *Mascio* occurred.

Finally, plaintiff challenges the Court's interpretation of Dr. Tendler's opinion that she "is able to maintain attendance and complete a normal workweek and maintain pace with occasional absences." Plaintiff argues the doctor's statement necessarily means she will be absent more than once per week and that the Court's interpretation of that statement was factually erroneous. ECF 19, at 5–6. The Court's detailed discussion of Dr. Tendler's opinion was not essential to the judgment. The judgment was based on the ALJ's citation of substantial evidence supporting his conclusions and the Fourth Circuit's decision in *Sizemore*. In any event, I disagree with plaintiff's argument that because Dr. Tendler was opining on her RFC—which goes to her ability to work eight hours per day, five days per week—he necessarily was opining that she would be absent more than once per week. *See* ECF 19, at 5–6. Under plaintiff's interpretation of Dr. Tendler's statement, Dr. Tendler opined plaintiff *could not* complete a normal workweek because a normal workweek includes five days per week and she would be absent more than once per week. This interpretation is squarely at odds with Dr. Tendler's clearly stated opinion that plaintiff *could* complete a normal workweek and maintain attendance. Tr. 102. Dr. Tendler then opined plaintiff could "maintain pace with occasional absences." Tr. 102. Fairly read, Dr. Tendler's opinion suggests plaintiff could maintain her normal workweek schedule with occasional absences—that is, she could work five days per week, but she would occasionally not keep up that pace and be absent. In any case, the ALJ was not required to accept Dr. Tendler's opinion as to plaintiff's absenteeism.

For the reasons set forth herein, plaintiff's motion for reconsideration, ECF 19, is denied.

*Terri S. v. Kijakazi*
DLB-19-3607
November 18, 2021
Page 4

     Despite the informal nature of this letter, it should be flagged as an opinion.  A separate order follows.

                                            Sincerely yours,

                                            Deborah L. Boardman
                                            United States District Judge